UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00018-GNS

JONNA FREEMAN                                                                          PLAINTIFF

v.

EASY MOBILE LABS, INC.                                                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Conditional Certification (DN 4) and Defendant's Motion to Dismiss or, in the Alternative Stay and Compel Arbitration (DN 6). For the reasons stated below, the Defendant's motion is **GRANTED** and Plaintiff's motion is **DENIED**.

## I.   BACKGROUND

This action is brought to recover unpaid compensation in the form of unpaid wages and overtime allegedly owed to Plaintiff Jonna Freeman ("Freeman") and other similarly situated persons who are phlebotomists working more than forty hours during one or more weeks of their employment and paid under the per-mile pay policy of Defendant Easy Mobile Labs, Inc. ("EML"). (Compl. ¶¶ 4-35, DN 1; Pl.'s Mot. for Conditional Certification 1, DN 4 [hereinafter Pl.'s Mot.]). Freeman claims she was underpaid by EML and other similarly situated employees working under the per-mile pay policy at EML exist as to certify a class action.[1] (Pl.'s Mot. 1-2).

---

[1] EML did not file a response to Freeman's motion. Instead, EML moved to dismiss Plaintiff's claims or compel arbitration. (Def.'s Mot. to Dismiss or, in the Alternative, Compel Arbitration, DN 6 [hereinafter Def.'s Mot.]). While not formally responding to Freeman's motion, Defendant appears to rebut Freeman's petition for conditional class certification in its reply in support of its motion to dismiss. (Def.'s Reply to Mot. to Dismiss 2-4, DN 11).

EML has moved for dismissal or to compel arbitration pursuant to Plaintiff's contract of employment with EML.

## II.     JURISDICTION

This action arises under the laws of the United States and the Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## III.    DISCUSSION

### A.     EML's Motion to Dismiss or Compel Arbitration

In ruling on a motion to compel arbitration, courts apply the summary judgment standard in Fed. R. Civ. P. 56(c). *See Arnold v. Rent-a-Center, Inc.*, No. 11-18-JBC, 2011 WL 1810145, at *2 (E.D. Ky. May 12, 2011) ("This court will treat the motion to compel arbitration as one for summary judgment . . . ."); *Weddle Enters., Inc. v. Treviicos-Soletanche, J.V.*, No. 1:14CV-00061-JHM, 2014 WL 5242904, at *2 (W.D. Ky. Oct. 15, 2014) ("A motion to dismiss based on the existence of a valid arbitration agreement is not evaluated under the usual Fed. R. Civ. P. 12(b)(6) standard. Instead, courts apply the standard applicable to motions for summary judgment." (internal citation omitted) (citation omitted)). "In order to show that the validity of the agreement is in issue, the party opposing arbitration must show a genuine issue of material fact as to the validity of the agreement to arbitrate." *Great Earth Cos. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002) (internal quotation marks omitted) (internal citation omitted) (citation omitted).

Freeman does not dispute she signed an at-will employment agreement (the "Agreement") with EML and that the Agreement contained an arbitration provision. (Def.'s Mot. to Dismiss or, in the Alternative, Stay and Compel Arbitration Ex. A, DN 6-1) [hereinafter Agreement]). Similarly, Freeman does not dispute the validity of the Agreement or that the

Agreement requires arbitration before the Court can exercise jurisdiction in this matter. Instead, Freeman contends that the Agreement is not applicable because she is subject to an exemption to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16. (Pl.'s Resp. to Mot. to Dismiss or, in the Alternative, Stay & Compel Arbitration 1-4, DN 10). The FAA exempts "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. The Supreme Court has found that the FAA excludes from its coverage contracts of employment for transportation workers. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 109 (2001). The Sixth Circuit has determined, however, that the Section 1 exception applies only to employees "engaged in the movement of goods in interstate commerce in the same way that seamen and railroad workers are." *Asplundh Tree Expert v. Bates*, 71 F.3d 592, 600-01 (6th Cir. 1995).

While Freeman claims she travelled across state lines in the course of her employment as a phlebotomist, she makes no claim this was a routine part of her job much less that she transported goods in a similar fashion to a seaman or a railroad worker. Freeman relies heavily on a sister court's decision in *O'Neal v. Kilbourne Medical Laboratories Incorporated*, No. 05-50, 2007 WL 956428 (E.D. Ky. Mar. 28, 2007), to establish that she should be exempt from the FAA under Section 1. This reliance is misguided. *O'Neal* involved an interstate commerce exemption for overtime payments under the Motor Carrier's Act ("MCA"), rather than the Section 1 exemption from arbitration under the FAA. *See O'Neal*, 2007 WL 956428, at *10-11. The Section 1 exemption has been found to apply only to transportation workers with employment duties directly related to interstate commerce. *See Circuit City Stores*, 532 U.S. at 109; *Hill v. Rent-A-Center, Inc.*, 398 F.3d 1286, 1289 (11th Cir. 2005) (citations omitted).

Unlike the MCA, the Section 1 exception of the FAA does not apply to workers who have job duties involving incidental interstate travel, as appears to be the case here.[2] *See id*.

In the case *sub judice*, Freeman has not alleged she has routinely engaged in interstate commerce while working for EML. Instead, she simply states that she conducted work in "various locations" and worked for EML in Kentucky, Georgia, and Tennessee. (Compl. ¶¶ 4, 9). Freeman has not alleged how many times she was required to travel across state lines in her employment and has provided no facts which indicate this occurred on a regular or even part time basis. She certainly has not claimed to have been engaged in interstate transportation of goods within the meaning of Section 1. *See Asplundh Tree Expert*, 71 F.3d at 600-01. Instead, transportation across state lines appears to have been an incidental part of her employment duties and is therefore outside of the scope of Section 1. *See Hill*, 398 F.3d at 1289. Therefore, the Court will dismiss this action and compel arbitration under the Agreement.

### B. Plaintiff's Motion for Conditional Class Certification

As the Court finds arbitration necessary in this case, Freeman's Motion for Conditional Class Certification is hereby denied. This ruling is consistent with sister courts in this jurisdiction which have declined to rule on class certification when the lead plaintiff's claim is found to be arbitrable. *See Hilton v. Midland Funding LLC*, No. 15-10322, 2016 WL 1253273, at *7 (E.D. Mich. Mar. 31, 2016), *appeal docketed*, No. 16-1556 (6th Cir. May 2, 2016); *Stevens-Bratton v. TruGreen, Inc.*, No. 2:15-cv-2472-STA-tmp, 2016 WL 155087, *8 (W.D. Tenn. Jan. 12, 2016), *appeal docketed*, No. 16-5161 (6th Cir. Feb. 10, 2016). Certification is a two-step process, and the second step can only begin once discovery has concluded. *See Comer v. Wal-*

---

[2] The MCA might very well go to the substance of Freeman's case—i.e., whether she is entitled to overtime pay. The Court finds the MCA is irrelevant, however, regarding the issue of whether Freeman is excepted from arbitration under Section 1 of the FAA.

*Mart Stores, Inc.*, 454 F.3d 544, 546-47 (6th Cir. 2006) (internal quotation marks omitted). No civil discovery will be conducted since this matter is be arbitrated, so there will be no second step. Further, members of the proposed class who did not sign an arbitration agreement cannot be represented by Freeman in a class action because Freeman is not a similarly situated to such other potential claimants. *See id*. Thus, Freeman's motion will be denied.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1) Defendant's Motion to Dismiss and, in the Alternative, Stay and Compel Arbitration (DN 6) is **GRANTED**. In lieu of staying the proceedings, this case is **DISMISSED WITHOUT PREJUDICE** to the parties' right to move to re-open this case for entry of an arbitration award or for any other relief to which the parties may be entitled.

2) Plaintiff's Motion for Conditional Class Certification (DN 4) is **DENIED.**

**Greg N. Stivers, Judge**
**United States District Court**
August 24, 2016

cc: counsel of record